IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 94-cr-40050-002 JPG ) |
| LAMONT DAVID OSBORN, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of the prospects of defendant Lamont David Osborn for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for Osborn, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 186). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the defendant nor the government has responded to the motion, although they were given an opportunity to do so. *See* Admin. Order 137.

Osborn was convicted by a jury of one count of conspiracy to distribute crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Osborn's relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, which at the time under U.S.S.G. § 2D1.1 yielded a base offense level of 32. The Court increased the offense level by two points under U.S.S.G. § 3C1.1 for obstruction of justice. Considering Osborn's criminal history category of III, this yielded a sentencing range of 188 to 235 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, the defendant's statutory minimum sentence was 20 years. *See* 21 U.S.C. § 841(b)(1)(A). Consequently,

pursuant to U.S.S.G. § 5G1.1(b), his guideline sentence became 240 months.

Osborn now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Osborn cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, it did not reduce the sentencing range of defendants whose minimum guideline sentence was

2

determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Because Osborn was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been 240 months. Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Osborn cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 186).

**IT IS SO ORDERED.**
**DATED: July 23, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**